CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

11/04/2019
JULIA C. DUDLEY, CLERK
BY: H. Wheeler
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 3:18-cr-00010 |
| v. | <u>MEMORANDUM OPINION</u> |
| JOHN C. WILLARD, JR., | JUDGE NORMAN K. MOON |

Defendant John C. Willard, Jr., appeared before this Court on October 7, 2019 for his scheduled revocation hearing. After considering the evidence and arguments put forth by Defendant Willard and the Government, the Court has found that Defendant has committed a Grade C violation with a Criminal Category of I, and as put forward in the accompanying judgment, Defendant Willard's term of supervised release is hereby revoked.

In determining the specific sentence imposed on Defendant through the judgment, the Court has considered the nature and circumstances of the violations and the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1), the need to afford adequate deterrence to non-compliant behavior, 18 U.S.C. § 3553(a)(2)(B), the kinds of sentences and the sentencing range established for Defendant for this level of violation in the applicable guidelines or policy statements issued by the U.S. Sentencing Commission, 18 U.S.C. § 3553(a)(4)–(5), and the breach of trust demonstrated by Defendant by failing to abide by the conditions of the court-ordered supervision.

Pursuant to the Sentencing Reform Act of 1984—and after having considered the factors noted in 18 U.S.C. § 3583(e), and having consulted the Chapter Seven Policy Statements of the

1

Sentencing Guidelines Manual—it is the judgment of this Court that Defendant, John C. Willard, Jr., is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of nine months. Upon release from imprisonment, Defendant shall be placed on post-revocation supervised release for a term of thirty-three (33) months, which by no means will extend beyond April 13, 2023.

Among other requests, Defendant has requested that the Court relax Special Condition #3—previously imposed as a condition of his now-revoked term of supervised release—when considering the conditions to be imposed as part of Defendant's post-revocation supervised release. The condition in question read as follows:

> However, the defendant is authorized contact with minors 1) who are relatives of the defendant; 2) who have familial relationships with relatives of the defendant; or 3) who have been identified and approved by the U.S. Probation Officer. The contact may occur only in the presence of another adult and with the prior approval of the probation officer. In considering approval of such contact, the probation officer should make an individualized inquiry and particularized showing of need for the condition.

Defendant argues that this special condition is both more restrictive than is necessary and unreasonably burdens Defendant's relationship with not only his own children, but also his friends. Dkt. 33, at 3. I disagree. The Court finds that this restriction is both reasonable and necessary, particularly given Defendant's September 1, 2019 violation of Special Condition #16. Dkt. 52, Ex. 1, at 8. On that date, Defendant's GPS unit located him at Darden Towe Park in Charlottesville, Virginia—a park that has playgrounds, athletic fields, and the like—tracking him at this location for twenty-eight minutes. *Id.* The Court finds this violation especially concerning in light of Defendant's repeated failure to keep the battery of his GPS tracker charged and within range of the beacon device. *Id.*

The Court also takes into consideration the nature of Defendant's underlying offense,

receipt of child pornography in violation of 18 U.S.C. § 2256(8)(A). Dkt. 1, Ex. 1, at 4. As indicated in Defendant's Violation Report, Dkt. 52, Ex. 1, Plaintiff has a daughter who, as of June 6, 2018, was known to be nine years old, *Id.* at 2. At that time, the probation office had already expressed to Defendant its concerns about Defendant being alone with his daughter, and the report indicates that Defendant's progress on supervision "has been marginal as he struggles with honesty and decision-making skills." *Id.* Given that Defendant's conviction involved the depiction of minors "engaged in sexually explicit conduct, including actual and simulated sexual intercourse," Dkt. 1, Ex. 1, at 4, the Court finds it appropriate and necessary for the safety of Defendant's children to maintain Special Condition #3, *see* 18 U.S.C. 3553(a)(2)(C).

For the reasons stated herein, the Court will revoke Defendant Willard's supervised release, will impose a sentence of nine months of imprisonment, and will impose a term of post-revocation supervised release of thirty-three months, which by no means will extend beyond April 13, 2023.

An appropriate judgment will be entered.

Entered this 4th day of November, 2019.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE